Felicita ARDON–MATUTE; Delmis Guadalupe Murcia–Ardon, a.k.a. Delmy Murcia–Ardon, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 97–70689.

United States Court of Appeals, Ninth Circuit.

Sept. 23, 1998.

---

Carol L. Edward, Seattle, Washington, for petitioners.

Francesco Isgro, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: FERGUSON and REINHARDT, Circuit Judges, and ROLL, District Judge.*

Petitioners, two natives and citizens of El Salvador, who are before us seeking review of the Board of Immigration Appeals' denial of their request for asylum and withholding of deportation, have moved for remand to the Board of Immigration Appeals, in order that the Board may consider their eligibility for derivative benefits under § 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA). Petitioners have simultaneously submitted a Motion to Reopen to the Board. Before petitioners' eligibility for derivative benefits under NACARA may be adjudicated, however, the principal beneficiary (in this case, Salvador Murcia, Felicita's husband and Delmis' father) must apply to the INS for benefits and must be granted suspension of deportation or cancellation of removal under NACARA. The INS is still in the process of promulgating regulations governing applications for NACARA benefits, and the procedures applicable to the petitioners' principal beneficiary, Salvador Murcia, have not yet been adopted.

Because petitioners are the spouse and child of a Salvadoran national who first en-

* The Honorable John M. Roll, United States District Judge for District of Arizona, sitting by

tered the U.S. prior to September 19, 1990, who is registered for temporary protected status, and who has a pending asylum application, they may be entitled to derivative benefits under NACARA. In such circumstances, this court will stay its proceedings to permit implementation of the process contemplated by NACARA. Should NACARA relief be granted to petitioners, the petition for review will become moot. Should it be denied, the stay will be vacated. The parties shall advise the court as to the status of the Motion to Reopen 90 days from the date of this order and every 90 days thereafter.

PROCEEDINGS STAYED. This panel will retain jurisdiction.