**Clairenite GEORGES; Carine Georges, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71164.

INS Nos. A72–849–379, A72–844–675.

United States Court of Appeals, Ninth Circuit.

March 29, 1999.

Evelyn Conroy, Jolles, Bernstein & Garone, Portland, Oregon, for petitioners Clairenite Georges and Carine Georges.

John McAdams, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for respondent Immigration and Naturalization Service.

## ORDER

Petitioners, a mother and daughter who are both Haitian nationals, are before us on appeal of the Board of Immigration Appeal's denial of their petitions for asylum. Petitioners represent that they arrived in the United States from Haiti on January 25, 1994 and December 18, 1993 and have continually resided in the United States since that time. Assuming these facts are true, Ms. Georges and her daughter are accordingly prima facie eligible for adjustment of status under the Haitian Refugee Immigration Fairness Act, Pub.L. No. 105–277, § 901, 112 Stat. 2681, 2681–538–542 (1998). However, they cannot apply for an adjustment of status until the INS issues regulations implementing the Act. Petitioners have therefore requested a 90 day stay of these proceedings, and Respondent has joined in their request.

*Ardon–Matute v. INS,* 157 F.3d 696, 697 (9th Cir.1998), which granted a stay to petitioners who were in the process of applying for similar relief under the Nicaraguan Adjustment and Central American Relief Act (NACARA), provides authority on this question:

> In such circumstances, this court will stay its proceedings to permit implementation of the process contemplated by NACARA. Should NACARA relief be granted to petitioners, the petition for review will become moot. Should it be denied, the stay will be vacated.

We therefore grant the petitioners' motion for a stay and order the parties to advise the court as to the status of petitioners' applications 90 days from the date of this order and every 90 days thereafter. The stay shall remain in effect until further order of the court.

PROCEEDINGS STAYED. This panel will retain jurisdiction.