Revised

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60134
Summary Calendar
_____


MARTA VILMA GUARDADO LOPEZ,

                                            Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                            Respondent.


--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71-632-396

--------------------

February 15, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Marta Vilma Guardado Lopez petitions this court to review an
order of the Board of Immigration Appeals ("BIA") dismissing her
appeal seeking reversal of an order of deportation denying her
applications for political asylum and withholding of deportation.
We have reviewed the record and the briefs and determine that the

_____

     [*]Pursuant to 5th Cir Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. Rule
47.5.4.

BIA's denials of Lopez's applications for asylum and withholding of deportation are supported by substantial evidence. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Thus, Lopez's petition for review is DENIED.

On the eve of our decision in this case, Lopez moved for remand to the Board of Immigration Appeals because on December 14, 1999, Lopez's spouse was granted suspension of deportation pursuant to § 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub.L. No. 105-100, 111 Stat. 2193 (Nov. 19, 1997), as amended by Act of Dec. 2, 1997, Pub.L. No. 105-139, 111 Stat. 2644. Lopez requests remand to the BIA so that the Board may consider her eligibility for derivative benefits under § 203.

Because Lopez did not raise the issue of her eligibility for relief under NACARA before the IJ or the BIA, we lack jurisdiction to consider this new claim. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). However, because Lopez may be entitled to derivative benefits under NACARA, we will stay the mandate for a period of 90 days to allow her an opportunity to file a motion to reopen with the BIA to consider her eligibility for relief under NACARA. See Ardon-Matute v. INS, 157 F.3d 696 (9th Cir. 1998). As the BIA has not yet had an opportunity to consider this issue, we express no opinion as to Lopez's eligibility for relief under NACARA. See Ortiz v. INS, 179 F.3d 1148, 1999 WL 366593 *3 (9th Cir. 1999).

In conclusion, the petition for review is DENIED, and the mandate is STAYED for 90 days from the date of this disposition to allow Lopez to file a motion to reopen with the BIA. The mandate

will issue automatically after 90 days if the parties do not notify the court otherwise.